Barnard, P. J.
There can be no doubt as to the fact that the item of $2,071.05 on the accounts rendered by Hartwig to plaintiff in June, 1874, was for the proceeds of the mortgage in question. The item seems to call for premises in De Kalb avenue, Brooklyn, and the description was not right, but the date of the payment is the same as the one proven to have been made by Bridgeman for the mortgage described in the complaint, and there is no other *623 mortgage on De Kalb avenue which has been described, and this mortgage does fit both the date and the amount of the payment. There is only a variance of ten cents between the credit and the payments. With this fact in the case the conclusion must be drawn. It appears then that Paul Weber in his lifetime made Hartwig his agent to manage his business while he was in Germany. Hartwig ■ did so and remitted moneys from time to time to the principal there. Weber died on January 11,1874, and Hartwigknew of his death very soon after. He collected one mortgage in May, 1874. The plaintiff came over to this country about the last of April, 1874, and took out letters of administration, Hartwig being her surety. In June, 1874, the administratrix demanded her husband’s property in Hartwig’s hands, and he delivered to her a tin box which he said contained it all. There were some mortgages in the box. There was also the statement of receipts for interest and principal collected after Paul Weber’s death, and among the credits there was the one for the proceeds of this mortgage.
This statement showed a balance due the estate of $304.97. The plaintiff never repudiated the payments to Hartwig, and the matter was suffered to silently drop. Hartwig died in 1879, leaving a small estate. Ho bill was presented against it by the plaintiff. At the time of the delivery of the tin box he was possessed of considerably greater wealth. Hartwig’s satisfaction of the mortgage was on record for some twelve years before this action was brought, and the parties making the payment had the bond and mortgage as well as the satisfaction piece. The plaintiff under these facts should have no cause of action to foreclose this security. She was properly informed that the payments had been made to the agent after Paul Weber’s death. An account was given her and she received what was said to be the remaining securities, with a? statement of receipts and expenses made, including the sum in question, and showing a small balance due from Hartwig. The parties who knew of the transaction are now dead, both Hart-wig and his attorney. Gobel, her attorney, is not called. It is easily inferable from the evidence that the credit of May 2, 1874, for a mortgage, $1,630, was for a mortgage for $1,800 on Carlton avenue in Brooklyn. The amount of it was $1,800, and a small sum for interest on it. This mortgage was acquired after the death of Paul Weber, by Hartwig, about May 2, 1874. The title to it was taken in Louisa Weber’s individual name and canceled by her personally, on June 5, 1874. So that she had very nearly the amount recovered on the Bridgeman bond and mortgage by Hartwig, in a mortgage given by one Long to Bierds, and by him assigned to Louisa Weber, nearly three months be *624 fore she came from Germany. Under the proof, therefore the adoption and ratification of the acts of Hartwig after the death of Paul Weber were adopted and ratified by the administratrix, and that she even received the proceeds of such payments in great part is fairly deducible from the evidence. It should not be held a sufficient reason for a repudiation of the transaction that the plaintiff says she did not read the account. She had an attorney. She received what was claimed to be all the estate. This mortgage was credited on it as a payment to Hartwig after the death of Weber. She received a mortgage taken in her name, out of the proceeds, and she never repudiated the payment until about the time of this action. The account ought to be deemed final. The judgment should, therefore, be reversed and a new trial granted, costs to abide event.
Pratt, J., concurs.